Susan S.Q. Kalra (CA State Bar No. 16740)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)
Email: skalra@rameyfirm.com

Southern California Office:
811 Wilshire Blvd., 17th Floor
Los Angeles, CA, US 90017

William P. Ramey, III (*pro hac vice anticipated*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
CLOUD SYSTEMS HOLDCO IP LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLOUD SYSTEMS HOLDCO IP LLC,<br><br>    Plaintiff,<br>  v.<br><br>CARRIER GLOBAL CORPORATION f/k/a INTERLOGIX,<br><br>    Defendant. | Case No.: 8:23-cv-02269<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(35 U.S.C. § 271)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Cloud Systems Holdco IP LLC ("Cloud") files this Original Complaint and

demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,909,779 ("the '779 patent") (referred to as the "Patent-in-Suit") by Carrier Global Corporation f/k/a Interlogix ("Defendants" or "Interlogix").

**THE PARTIES**

1. Cloud Systems Holdco IP is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Interlogix is a part of Carrier Global Corporation, which is a corporation existing under the laws of Delaware with a principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, FL 33418. On information and belief, Interlogix has a principal place of business at 2955 Red Hill Avenue, Costa Mesa, CA 92626.

3. On information and belief, Defendant sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district. Defendants can be served with process through their registered agent, United Agent Group Inc, 5901 W. Century Blvd., #750, Los Angeles, CA 90045, or wherever they may be found.

**I. JURISDICTION AND VENUE**

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this District.

## II.  INFRINGEMENT

### A.  Infringement of the '779 Patent

7. On December 9, 2014, U.S. Patent No. 8,909,779 ("the '779 patent", attached as Exhibit A) entitled "System and method for control and monitoring of multiple

devices and inter-device connections," was duly and legally issued by the U.S. Patent and Trademark Office. Cloud Systems Holdco IP LLC owns the '779 patent by assignment.

8. The '779 patent relates to a system and method for control and monitoring of devices and inter-device connections located within an environment using a control client.

9. Defendants maintain, operate, and administer systems, products, and services for enabling a method for controlling an environment that infringes one or more claims of the '779 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '779 Patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants' procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., their customers and/or the customers of their related companies), and continue to do so, on how to use their products and

services (e.g., method for controlling an environment, comprising establishing communication between a server and a control client) and related services such as to cause infringement of one or more of claims 1-20 of the '779 patent, literally or under the doctrine of equivalents. Moreover, Defendants have known of the '779 patent and the technology underlying it from at least the issuance of the patent.[1] For clarity, direct infringement is previously alleged in this complaint.

12. Defendants have and continue to contributorily infringe. Defendants have actively encouraged or instructed others (e.g., their customers and/or the customers of their related companies), and continue to do so, on how to use their products and services (e.g., method for controlling an environment, comprising establishing communication between a server and a control client) and related services such as to cause infringement of one or more of claims 1-20 of the '779 patent, literally or under the doctrine of equivalents. Moreover, Defendants have known of the '779 patent and the technology underlying it from at least the issuance of the patent.[2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendants have caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '779 patent.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

## III. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendants have infringed the claims of the '779 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendants' infringement of the Patent-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants from infringing the claims of the Patent-in-Suit, or (ii) awards damages for

future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 1, 2023            Respectfully submitted,

RAMEY LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra (CA State Bar No. 16740)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)
Email: skalra@rameyfirm.com

*Southern California Office*:
811 Wilshire Blvd., 17th Floor
Los Angeles, CA, US 90017

/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice* anticipated)
Texas Bar No. 24027643
 Email: wramey@rameyfirm.com
 5020 Montrose Blvd., Suite 800
 Houston, Texas 77006
 Telephone: (713) 426-3923
 Fax: (832) 689-9175

*Attorneys for Plaintiff*
*CLOUD SYSTEMS HOLDCO IP LLC*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: December 1, 2023                RAMEY LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra (CA State Bar No. 16740)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)
Email: skalra@rameyfirm.com

*Southern California Office*:
811 Wilshire Blvd., 17th Floor
Los Angeles, CA, US 90017


/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice* anticipated)
Texas Bar No. 24027643
Email: wramey@rameyfirm.com
 5020 Montrose Blvd., Suite 800
 Houston, Texas 77006
 Telephone: (713) 426-3923
 Fax: (832) 689-9175

*Attorneys for Plaintiff*
 *CLOUD SYSTEMS HOLDCO IP LLC*